## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ROBERT JACK FOLDENAUR,        )
                        Petitioner,  )
v.                           )         Case No. CIV-07-299-HE
                             )
ERIC FRANKLIN,             )
                  Respondent.  )

## REPORT AND RECOMMENDATION

Petitioner, appearing through counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his state court conviction in Case No. CF-2002-22, District Court of Lincoln County, State of Oklahoma. Petition [Doc. #1] at 1. Respondent has filed a Motion to Dismiss and Brief in Support [Doc. ##13-14] contending the Petition is time-barred. Petitioner has responded to the motion [Doc. #15], and the matter is now at issue. For the reasons set forth below, it is recommended that Respondent's motion be granted and the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## Analysis

With the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996, Congress "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (*citing* 28 U.S.C. § 2244(d)(1)). The period begins to run from "the latest of" four dates. The first and most common triggering date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On July 31, 2003, Petitioner was convicted of two counts of rape.  Petition at 2.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA)

which affirmed his conviction on October 7, 2004.  Respondent's Brief, Exhibit 1 at 4.  A

conviction in the state courts of Oklahoma becomes final on the date the OCCA affirms the

conviction, and the one-year limitations period begins to run from the date the Supreme

Court denies review of a petition for writ of certiorari.  If no petition for writ of certiorari is

filed, the limitation period begins to run ninety days after affirmance by the OCCA, the date

upon which the period for filing the petition for writ of certiorari expires.  *Locke v. Saffle,*

237 F.3d 1269, 1273 (10th Cir. 2001).  *See also* 28 U.S.C. § 2101(c); Rule 13.1, Rules of the

Supreme Court of the United States.   Here, Petitioner did not seek review in the United

States Supreme Court.  Therefore, his conviction became final on January 5, 2005, ninety

days after the date the OCCA entered its order affirming the conviction.  Without statutory

tolling, Petitioner's limitation period would have expired on January 5, 2006.  *See United

States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (holding that one-year limitation period under

§ 2244(d)(1) expires on anniversary date of the triggering event).  But Petitioner sought post-

conviction relief in the district court on December 21, 2005, fifteen days before his limitation

period would have expired.  Respondent's Brief, Exhibit 2 at 10.  Pursuant to 28 U.S.C. §

2244(d)(2), the one-year limitation period is tolled during the pendency of "a properly filed

application of State post-conviction . . .  review."  The state district court denied post-

conviction relief on February 23, 2006.  Respondents' Brief, Exhibit 3 at 1.  The OCCA

affirmed denial of post-conviction relief on May 25, 2006.  At that point, Petitioner had

fifteen days in which to file a timely habeas action. The instant Petition was filed on March 9, 2007, well after the limitation period had expired.

Petitioner acknowledges the one-year limitation period. He argues, however, that this Court should apply the doctrine of equitable tolling to his case and review the merits of the claims he has presented. Petitioner contends that the limitation period should be equitably tolled because counsel is not appointed for indigent inmates who wish to file federal habeas actions. Petitioner states that his family is impoverished and "had significant difficulty raising funds to continue the appellate process." Petitioner's Response at 3.

The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). In this case, Petitioner has failed to meet his burden under either of these requirements. The fact that Petitioner is indigent is not

3

an "extraordinary circumstance."  Many indigent state prisoners file habeas petitions *pro se*, and federal courts are obliged to liberally construe such petitions.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Moreover, Petitioner filed his Petition many months after the limitation period had expired.  Petitioner has not shown that he diligently pursued his claims.  In sum, Petitioner has established no cognizable grounds for equitable tolling of the statutory limitation period.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss  and Brief in Support [Doc. ##13-14] be granted and the Petition dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objections must be filed with the Clerk of this Court by May __29th__, 2007.  *See* Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral of the District Judge.

ENTERED this __8th__ day of May, 2007.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE